IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

SUPRA TELECOMMUNICATIONS
AND INFORMATION SYSTEMS, INC.,

      Plaintiff,

vs.                                    CASE NO.: 4:05cv132-SPM/AK

BELLSOUTH TELECOMMUNICATIONS,
INC., THE FLORIDA PUBLIC SERVICE
COMMISSION and THE COMMISSIONERS
OF THE FLORIDA PUBLIC SERVICE
COMMISSION, in their official capacities,

      Defendants.
_____/

## ORDER

      Pending before the Court is Supra Telecommunications and Information Systems, Inc.'s (Supra) Emergency Motion for Ex-Parte Temporary Restraining Order and/or Preliminary Injunctive Relief (doc. 3), filed on April 13, 2005. The Court accepts for filing, without objection from any party, MCIMetro Access Transmission Services, LLC's (MCI) amicus curiae brief in support of Supra's motion.

      Defendant BellSouth Telecommunications, Inc. (BellSouth) has filed a preliminary response (doc. 7) in opposition to Supra's motion. The response,

however, is limited to a discussion of recent rulings going against the injunctive relief Supra seeks.  BellSouth has not responded in full.  The Defendant Florida Public Service Commission and Commissioners (Commission) also filed a limited response and have requested until April 25, 2005 to file a complete response.

**DISCUSSION**

A party seeking a temporary restraining order or preliminary injunction must show four things:  (1) a substantial likelihood of success on the merits; (2) irreparable injury; (3) that the injury to Plaintiff outweighs the harm an injunction may cause Defendants; and (4) that granting the injunction would not disserve the public interest.  Tefel v. Reno, 180 F.3d 1286, 1295 (11th Cir. 1999).  There is an additional requirement a Plaintiff must meet if a temporary restraining order is sought *ex parte* or without otherwise providing adequate notice to the opposing parties.

To obtain a temporary restraining order, "the applicant's attorney [must] certif[y] to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required."  Fed. R. Civ. P. 65(b).  The normal reason for proceeding without notice is that the opposing side is unable to be found or the identity of the opposing side is unknown.  First Tech. Safey Sys. V. Depinet, 11 F.3d 641, 650 (6th Cir. 1993).  In some limited circumstances, proceeding without notice is also justified upon a showing that notice would lead to the destruction of evidence.  Id.

CASE NO.: 4:05cv132-SPM/AK

at 650-51.

"The stringent requirements . . . on the availability of *ex parte* temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted to both sides of a dispute."  Granny Goose Foods, Inc. v. Bhd. of Teamsters, 415 U.S. 423, 438-39 (1974).  Although proceeding *ex parte* as provided under Federal Rule of Civil Procedure 65(b) is permissible in some circumstances, Supra has not shown that those circumstances are present in this case.  Accordingly, it is

ORDERED AND ADJUDGED:

1.	Supra's motion for an ex parte temporary restraining order (doc. 3), is denied.  The Court takes under advisement Supra's alternative request for a preliminary injunction.

2.	The Commission's motion (doc. 10) to establish response dates is granted.  The Commission and BellSouth shall have up to and including April 25, 2005 to file written responses to Supra's motion for preliminary injunction.

3.	The Court will issue a ruling based on the written arguments of the parties without holding an evidentiary hearing or oral argument, unless a factual controversy is present or a party requests and is granted oral argument in accordance with Northern District of Florida Local Rule 7.1(D).

CASE NO.: 4:05cv132-SPM/AK

4. MCI's motion (doc. 8) for leave to file amicus brief is granted.

DONE AND ORDERED this 18th day of April, 2005.

*s/ Stephan P. Mickle*

Stephan P. Mickle
United States District Judge